**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**GENERAL STAR INDEMNITY COMPANY,**                      **PLAINTIFF,**

**VS.**                            **CIVIL ACTION NO. 4:08CV0046-P-B**

**BOBBY FISHER, JR., ET AL.,**                      **DEFENDANTS.**

**ORDER**

These matters come before the court upon Plaintiff General Star Indemnity Company's Motion for Default Judgment as to Bobby Fisher, Jr. and Loan Closing Services Corporation [55] and Defendants Bobby Fisher, Jr. and Loan Closing Services Corporation's Motion to Set Aside Clerk's Entry of Default [56]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

General Star filed their original action, Cause No. 2:03CV236, before this court on July 2, 2003. Defendants Bobby Fisher, Jr. and Loan Closing Services Corp. filed their Answer on August 18, 2003. On August 6, 2004 this court entered an Order denying the parties' cross-motions for summary judgment. On December 6, 2004 the court entered an Order granting General Star's motion for dismissal without prejudice, thereby closing the case.

On December 17, 2004 General Star filed what appears to be an identical action in the Southern District of Mississippi, Cause No. 3:04CV1001. The Clerk entered default against Defendants Bobby Fisher, Jr. and Loan Closing Services Corp. on March 31, 2005. On April 28, 2005 U.S. District Judge Henry T. Wingate granted General Star's motion for default. On September 26, 2006 Judge Wingate stayed the action pending resolution of Bobby Fisher, Jr.'s bankruptcy case. On March 28, 2008 Judge Wingate entered an Order setting aside the default judgment opining:

"This court is not persuaded that these defendants received proper notice of any entry of default." The order also transferred the case to the undersigned, concluding: "The instant lawsuit mirrors the issues earlier before Judge Pepper on which he made various findings. Accordingly, this court hereby transfers this case to the Northern District of Mississippi."

Though Judge Wingate's Order of transfer was entered on March 28, 2008, the docket reflects that the case was not actually transferred until April 2, 2008. The docket also reveals that Tom P. Calhoun, III, counsel for Bobby Fisher, Jr. and Loan Closing Services, Inc., received electronic notice of Judge Wingate's Order of transfer on March 31, 2008, rather than March 28, 2008. Furthermore, the docket reveals that notice that the case had been transferred to the Northern District was emailed on April 2, 2008.

In the instant case, Cause No. 4:08CV46-P-B, General Star filed a notice for Clerk's entry of default on April 21, 2008. The Clerk entered default on April 23, 2008 and on that same date, General Star filed their motion for default. Since the notice of Judge Wingate's Order was not sent electronically to defense counsel until March 31, 2008, he had until April 20, 2008 to file an Answer or to otherwise respond pursuant to the Federal Rules of Civil Procedure. When General Star filed their notice of default to the Clerk's Office, the subject defendants were one day late in responding. By the time these defendants filed their motion to set aside the Clerks' entry of default on April 24, 2008, they were four days past the twenty-day deadline.

Considering the interesting history of this case, especially with regard to the refiling of it in the Southern District after this court had already made rulings in the original, practically identical Northern District version, the court concludes that there is excusable neglect given (1) the conclusion by Judge Wingate that the defendants did not receive proper notice of the clerk's entry of default in

2

the Southern District case; (2) the time between the transfer and the entry of default in the present case was minimal; and (3) the subject defendants filed their motion to set aside default on the day after the Clerk entered default in the present case, which evinces diligence.

Accordingly, the court concludes that General Star's motion for default should be denied and Bobby Fisher, Jr. and Loan Closing Services Corp.'s motion to set aside the Clerk's entry of default should be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff General Star Indemnity Company's Motion for Default Judgment as to Bobby Fisher, Jr. and Loan Closing Services Corporation [55] is **DENIED**; and

(2) Defendants Bobby Fisher, Jr. and Loan Closing Services Corporation's Motion to Set Aside Clerk's Entry of Default [56] is **GRANTED**; therefore,

(3) Defendants Bobby Fisher, Jr. and Loan Closing Services Corporation has five business days after entry of this Order to file their Answer.

**SO ORDERED** this the 26th day of June, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE