**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**GENERAL STAR INDEMNITY COMPANY,** **PLAINTIFF,**

**VS.** **CIVIL ACTION NO. 4:08CV0046-P-B**

**BOBBY F. FISHER, JR.; FIRST AMERICAN TITLE INSURANCE COMPANY; LOAN CLOSING SERVICES CORPORATION; WILLIAM G. GERMANY; and KATHY M. GERMANY,** **DEFENDANTS.**

# MEMORANDUM OPINION

These matters come before the court upon General Star Indemnity Company's Motion for Summary Judgment [61] and Defendant First American Title Insurance Company's Cross-Motion for Summary Judgment [65]. After due consideration of the motions and the responses filed thereto, the court is prepared to rule.

## I. FACTUAL BACKGROUND

Bobby Fisher, Jr. ("Fisher") and his company Loan Closing Services Corporation ("LCS") entered into an agency agreement with First American Title Insurance Company ("First American") on January 26, 2001 whereby Fisher would issue policies of title insurance through LCS. First American became aware that Fisher's escrow account was short approximately $850,000.00. On April 12, 2002 First American sent Fisher a letter informing him that their agency agreement was "cancelled effective immediately for material breach." The letter also asked that "your office pull the serial numbered forms of First American Title Insurance Company that you have in your possession and have them ready for pick-up on Thursday the 18th of April at 3:00 p.m." Despite

being informed of the cancellation of the agency agreement, Fisher and LCS continued to act as an agent for First American. Thereafter First American obtained a temporary restraining order requiring Fisher and LCS to cease and desist from acting on First American's behalf and to allow First American to inspect LCS's files. On October 31, 2002 First American filed a lawsuit against Fisher and LCS in the Circuit Court of Leflore County, Mississippi seeking damages for breach of contract, negligence, negligent management of escrow account, negligent supervision of employees, negligent misrepresentation, fraudulent misrepresentation, fraud, and conversion.

Sometime before the First American lawsuit was filed, Fisher and LCS obtained a Claims Made Lawyers Professional Liability Insurance Coverage Policy from General Star that became effective from October 31, 2002 to October 31, 2003, and retroactively to September 1, 1986.

Section I.A.1 of the Policy states in pertinent part: "For coverage to apply, the following conditions must be satisfied: The INSURED had no knowledge prior to the effective date of this policy of any actual or alleged act, error, omission, circumstance or PERSONAL INJURY that could be reasonably expected to give rise to a CLAIM(S)."

It is undisputed that Fisher did not inform General Star of any possible claims arising from his agency agreement with First American and the cancellation thereof.

On January 10, 2006 the Circuit Court of Leflore County granted First American's motion for summary judgment against Loan Closing Services Corp. for their claims of negligence, negligent management of escrow account, negligent supervision of employees, and negligent misrepresentation – recognizing that the plaintiff's claims for fraud, fraudulent misrepresentation, and conversion had been dismissed. The Final Judgment rendered judgment in favor of First American against Loan Closing Services Corporation in the amount of $1,089,815.34, plus pre- and

post-judgment interest.

In their motion for summary judgment, General Star argues *inter alia* that the court should declare that it is not liable to defend or indemnify Fisher or LCS for First American's Judgment pursuant to Section I.A.1 of the policy because Fisher could have reasonably expected that First American's problems with Fisher and LCS could give rise to a claim under the policy and Fisher did not report them to General Star. General Star's motion also seeks a declaration that it does not owe a duty to defend or indemnify Fisher and LCS on the claims asserted against them by William and Kathy Germany in a case filed in the Circuit Court of Hinds County, Mississippi.

In their response and cross-motion for summary judgment, First American argues *inter alia* that (1) this court has already ruled on these issues in the original case, *General Star Indemnity Company v. Bobby Fisher, et al.*, Cause No. 2:03CV236-P, (2) there is no proof Fisher had knowledge of First American's claims at the time the General Star policy was issued; and (3) summary judgment should be granted to First American because they have received a judgment and the policy requires that their claims against LCS be indemnified.

## II. DISCUSSION

### <u>A. Summary Judgment Standards</u>

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 3l7, 323 (l986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there

are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S. at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d l026, l03l (5th Cir. l982); *Environmental Defense Fund v. Marsh*, 65l F.2d 983, 99l (5th Cir. l98l); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d l2ll, l2l3 (5th Cir. l969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other

words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*. at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*. at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

**B. General Star's Case Against William and Kathy Germany, Bobby Fisher, Jr. and Loan Closing Services**

In their motion before the court, General Star seeks summary judgment against all defendants in this action – *i.e.*, Bobby Fisher, Jr., Loan Closing Services Corporation, William & Kathy Germany, and First American Title Insurance Company. First American was the only defendant to respond to General Star's motion. Uniform Local Rule 7.2(c)(3) requires a party to notify the court if it intends not to respond. Uniform Local Rule 7.2(c)(3) allows the court to grant a motion to which no response was filed. In any event, opponents to a motion for summary judgment are required by Rule 56 to demonstrate a genuine issue of material fact to resist summary judgment. Because Defendants Bobby Fisher, Jr., Loan Closing Services Corporation, William Germany, and Kathy Germany did not respond to General Star's motion for summary judgment, they have not met their burden in demonstrating a genuine issue of material fact warranting denial of summary judgment. Therefore, General Star's motion for summary judgment should be granted as to these defendants.

**C. General Star's Prior Cases**

First American makes much ado about General Star's re-filing of their original action before this court in the Southern District of Mississippi. First, the original case was dismissed without prejudice. Therefore, General Star was well within its rights to re-file their case wherever venue was proper. Second, the issues decided by this court in the original action were based on Policy provisions ¶ ¶ II.A and II.L. General Star does not reassert that either of these provisions exclude coverage in the instant suit.

**D. General Star's Claim against First American**

As quoted above, Section I A.1 of the Policy provides coverage only when: "The INSURED had no knowledge prior to the effective date of this policy of any actual or alleged act, error, omission, [or] circumstance ... that could be reasonably expected to give rise to a CLAIM(S)." The Policy became effective on October 31, 2002. First American filed their lawsuit on the same day that the policy became effective.

The court concludes that summary judgment should be granted as to General Star's claim against First American. First American has not demonstrated a genuine issue of material fact that Fisher and LCS did not have knowledge of First American's claims against them before October 31, 2002 to such a degree that Fisher or LCS could not have reasonably expected the problems with First American to give rise to claims under the policy with General Star. First, Fisher and LCS clearly had knowledge of First American's April 12, 2002 letter terminating their agency agreement for "material breach" and asking to inspect Fisher's files. Exhibit "B" to First American's cross-motion for summary judgment includes a receipt for certified mail demonstrating that LCS received the letter on April 15, 2002. Second, Fisher and LCS had knowledge of the temporary restraining order

requiring Fisher and LCS to cease representing themselves as agents for First American pursuant to the cancellation of that agreement, and allowing First American to inspect LCS's books. Third, it is undisputed that Fisher was aware that his escrow account was short approximately $850,000.00 and that First American was aware of this shortfall before the effective date of the policy. Finally, it is undisputed that First American's lawsuit against Fisher and LCS was filed on the very same day as the latter's policy became effective.

## III. CONCLUSION

For the reasons discussed above, the court concludes that Defendant First American Title Insurance Company's Cross-Motion for Summary Judgment [65] should be denied and that General Star Indemnity Company's Motion for Summary Judgment [61] should be granted. General Star's motion for summary judgment against First American should be granted on the merits because General Star has demonstrated, and First American has failed to rebut, that there is no genuine issue of material fact warranting a trial on this matter – *i.e.*, Bobby Fisher and Loan Closing Services Corporation clearly had knowledge of their problems with First American prior to the effective date of the General Star policy such that they reasonably should have known those problems would probably give rise to claims under the policy. Therefore, since Fisher and LCS did not inform General Star of these potential claims, Section I.A.1 of the policy excludes coverage. General Star's motion for summary judgment against the remaining defendants should be granted for those defendants' failures to respond and to demonstrate a genuine issue of material fact warranting a denial of summary judgment in favor of General Star. Accordingly, a Final Judgment shall issue forthwith,

**THIS DAY** of July 9, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE